UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathaniel W. Moore,

    Plaintiff,

v.

MEnD Correctional Care, PA Longenfeld,
Jane Doe, and WalGreen Phymarcy,[1]

    Defendants.

Case No. 15-cv-2848 (WMW/BRT)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the February 28, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 93.) Plaintiff Nathaniel W. Moore, a Minnesota prisoner, alleges that Defendants violated the Eighth Amendment to the United States Constitution by acting with deliberate indifference to his medical needs by mismanaging his HIV medication. Because Moore failed to timely serve Defendants PA Longenfeld, Jane Doe, and Walgreens Pharmacy, the R&R recommends dismissing without prejudice Moore's complaint as to these Defendants for failure to prosecute. The R&R also recommends granting Defendant MEnD Correctional Care's (MEnD) motion for summary judgment. Moore objected to the R&R on March 9, 2017. MEnD responded to Moore's objections

---

[1]     Plaintiff's initial and amended complaints both mistakenly refer to Walgreens Pharmacy as "WalGreen Phymarcy."

on March 22, 2017, contending that the Court should adopt the R&R.[2] For the reasons addressed below, the Court overrules Moore's objections and adopts the R&R in full.

A district court reviews de novo any portion of a magistrate judge's disposition of a case to which objections are properly filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). In the absence of objections, a district court reviews an R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Moore objects only to portions of the R&R, the Court will address the R&R's recommendations separately.

Moore does not object to the R&R's recommendation that the Court dismiss Defendants PA Longenfeld, Jane Doe, and Walgreens Pharmacy for failure to prosecute. Rule 4(m), Fed. R. Civ. P., requires that a plaintiff serve a defendant within 90 days after the filing of a complaint. Moore not only failed to serve Defendants PA Longenfeld, Jane Doe, and Walgreens Pharmacy within 90 days after filing his complaint, but each of these Defendants remains unserved. Accordingly, the Court finds no clear error as to the R&R's recommendation to dismiss without prejudice Moore's complaint against these Defendants for failure to prosecute.

---

[2]   Moore filed a reply to MEnD's response to Moore's objection to the R&R. (Dkt. 98.) But because a reply brief is not permitted in these circumstances, the Court does not consider Moore's reply. *See* LR 72.2(b) (providing only for written objections to an R&R, and a response, prior to a district judge's review of the R&R).

In his objections to the R&R, Moore argues that the record demonstrates that MEnD acted with "more [than] negligence" when it allegedly mismanaged his HIV medication, and his complaint should survive summary judgment for that reason. But to establish a claim of deliberate indifference, Moore must establish that MEnD acted with a mental state "akin to criminal recklessness." *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (internal quotation marks omitted); *see also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (requiring that a plaintiff show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions" to state a claim for deliberate indifference). The record demonstrates that MEnD attempted to resolve Moore's medication issues. Although Moore questions the circumstances in which these delays occurred and asserts his theories for MEnD's alleged mismanagement, Moore points to no evidence in the record to establish that MEnD acted with criminal recklessness. And Moore cannot defeat a motion for summary judgment without tethering his assertions to facts in the record. *See* Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Moore also contends that *Estelle v. Gamble*, 429 U.S. 97 (1976), supports his objections to the R&R. Moore is mistaken. The *Estelle* Court held that "inadvertent failure" cannot sustain an allegation of deliberate indifference. 429 U.S. at 105-06. Without more than an assertion of negligence, Moore's insistence that MEnD could, or should, have acted more quickly to remedy issues involving his medication is insufficient to support his cause of action. *Id.* at 107; *see also Ervin v. Busby*, 992 F.2d 147, 151 (8th Cir. 1993) (concluding that, although a month-long delay in providing medication may

have been negligent behavior, it is insufficient to support a deliberate-indifference claim). Finally, it is uncontested that Moore has not supported his allegation of a constitutional violation with any MEnD policy or custom that allegedly caused the deliberately indifferent medical care. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (applying 42 U.S.C. § 1983 to private entities providing medical care to inmates when a specific policy or custom is a "moving force" behind an alleged constitutional violation).[3]

### ORDER

Based on the R&R, the foregoing analysis and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Nathaniel W. Moore's objections to the R&R, (Dkt. 94), are **OVERRULED**.

2. The February 28, 2017 R&R, (Dkt. 93), is **ADOPTED**.

3. Moore's claims against Defendants PA Longenfeld, Jane Doe, and Walgreens Pharmacy are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

4. MEnD's motion for summary judgment, (Dkt. 85), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 23, 2017                s/Wilhelmina M. Wright
                                    Wilhelmina M. Wright
                                    United States District Judge

---

[3] Moore's objections to the R&R also appear to allege that MEnD's conduct constituted disability discrimination and violated other provisions of the United States Constitution. But because Moore's complaint is limited to allegations of deliberate indifference to his medical care, allegations of other alleged misconduct will not be considered as they are not properly before the Court. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014).